UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Paul Barr</u>

    **v.**                                                                   Civil No. 12-cv-437-PB

<u>David Mara, James Hardy,</u>
<u>Dennis Hogan, and FNU Crowley</u>[1]

**O R D E R**

Before the court is plaintiff Paul Barr's motion for an expedited ruling (doc. no. 9) and an addendum to the complaint (doc. no. 8), which Barr filed in response to this court's April 26, 2013, order (doc. no. 7). The motion seeks this court's expedited consideration of Barr's claims, including those challenging the validity of his state court conviction, which, he asserts, resulted from collusion between the prosecutor, defense counsel, and the state court judge, and violated his rights to due process, a speedy trial, and a fair trial. The matter is before the court for preliminary review, pursuant to

---

[1] Barr has named as defendants Manchester, New Hampshire Police Department ("MPD") Chief David Mara, Hillsborough County Sheriff James Hardy, former Hillsborough County Attorney Dennis Hogan, and MPD Officer Crowley, whose first name is unknown. In addenda to the complaint (doc. nos. 6 and 8), Barr adds as defendants Assistant Hillsborough County Attorney Kenneth Perkes, Attorneys John Newman and Laurie Jirak of the New Hampshire Public Defender, and New Hampshire Superior Court Judge Kenneth Brown.

United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) and 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

In the April 26 Order (doc. no. 7), the court provided Barr an opportunity to file an amended complaint and to show, among other things, that his claims were actionable and not barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Barr's filings since April 26 have failed to state viable claims. Nothing in the record before this court indicates that Barr's conviction and sentence have been invalidated through any official action.

Moreover, the state court judge and prosecutor are immune from Barr's claims, see Stump v. Sparkman, 435 U.S. 349, 356 (1978); Imbler v. Pachtman, 424 U.S. 409, 431 (1976), and the public defender appointed to represent Barr is not a state actor who can be sued for an alleged violation of Barr's federal constitutional rights, see Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981). The remaining claims asserted in this action fail to state claims upon which relief can be granted.

Accordingly, all claims asserted in the complaint and the addenda are dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and the motion for expedited consideration (doc. no. 9) is denied as moot.

```
     SO ORDERED.


                                   /s/Paul Barbadoro
                                   Paul Barbadoro
                                   United States District Judge

May 17, 2013

cc:  Paul Barr, pro se
```